Filed 12/14/21  P. v. Arredondo CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B309784 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA350813 |
| ANGEL ARREDONDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Conforming to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Angel Arredondo's counsel filed an opening brief containing a statement of facts but raising no issues.  Counsel asks this court to review the record independently and to determine whether any arguable issues exist on appeal.  Counsel also advised Arredondo he had 30 days to file a supplemental brief for us to consider.  Arredondo did not file a response.

We have reviewed the entire record.  We find no arguable issues exist.  We affirm.  Undesignated statutory citations are to the Penal Code.

An information charged Arredondo and two codefendants with murder.  Arredondo and his codefendants are members of the Temple Street gang.  The three men pulled up in a Volvo next to an Altima at an intersection.  The occupants of the Volvo exchanged words with the driver of the Altima, Jimmy Pineda.  The occupants of the Volvo then pulled out two guns and shot several bullets at the Altima.  The bullets hit and killed Pineda, a member or associate of rival gang 18th Street.  The Volvo sped off, but police captured the three men.

Police found Arredondo's fingerprint on the rearview mirror of the Volvo.  They also found gunshot residue on Arredondo's left hand.

A jury convicted all three men of first degree murder. (§ 187, subd. (a).)  The jury found true that the men committed the murder for the benefit of a street gang and that a principal personally used a firearm.  (§§ 186.22, subd. (b) & 12022.53, subds. (d) & (e).)  The trial court did not instruct the jury on felony murder or the natural consequences doctrine.  The court sentenced each man to 50 years to life:  25 years for the murder charge and 25 years for the gun enhancement.

This court affirmed the judgment on appeal.

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.), Arredondo petitioned to be resentenced pursuant to section 1170.95. Upon receiving Arredondo's petition, the trial court appointed counsel for Arredondo. The prosecutor and counsel for Arredondo briefed the issue of whether Arredondo had made a prima facie showing for relief under section 1170.95. After holding a hearing on the issue, the court issued a written decision denying the petition. The court found Arredondo could not make a prima facie showing of eligibility because the court had not instructed the jury on felony murder or the natural consequences doctrine.

Arredondo appealed. His appointed counsel filed a *Wende* brief. Arredondo did not file a supplemental brief.

We have examined the entire record of the proceedings and are satisfied Arredondo's attorney has complied with the responsibilities of counsel and no arguable issues exist. (See *Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

We affirm the order.


WILEY, J.

We concur:



GRIMES, Acting P. J.        HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.